Steven C. Vondran, [SBN 025911]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: (877) 276-5084
Facsimile: (888) 551-2252
E-mail: steve@vondranlegal.com

*Attorneys for LISA VONDRAN*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LISA VONDRAN, an individual., <br><br> Plaintiff, <br><br> vs. <br><br> COSTCO WHOLESALE CORPORATION, a corporation; DIRECTV, INC., a corporation; SMART CIRCLE INTERNATIONAL, an LLC. does 1-100 <br><br> Defendant(s) | Case No. <br><br> **COMPLAINT FOR DAMAGES FOR;** <br><br> 1. SATELLITE / CABLE PIRACY <br> 2. VIOLATION OF VIDEO PRIVACY PROTECTION ACT (VPPA) <br><br> DEMAND FOR JURY TRIAL |

PLAINTIFF ALLEGES that Defendants, and each of them, violated Federal law(s) in intercepting Plaintiff's satellite/cable signal and directing it toward a neighbor who not only received all of Plaintiff's (paid) television channels, but was also able to view (and did review) all program recordings made by Plaintiff seriously invading her privacy, violating federal statutes, and causing emotional damages in amount to be proven at trial. This was part of a Direct TV "special offer" endorsed and sponsored by Defendant Costco.

# JURISDICTION

1. Jurisdiction is founded on the existence of federal questions arising under various statutes. This action is brought pursuant to the Communications Act of 1934, as amended, Title *47 U.S.C. 605*, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title *47 U.S. Section 553*, *et seq,* and the Video Privacy Protection Act, Title *18 U.S.C. 2710*, for wrongful disclosure of paid videos rented and purchased which the neighbor openly admits he viewed.

2. This Court has jurisdiction of the subject matter of this action pursuant to *28 U.S.C. Section 1331*, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of *Costco* being located in the State of Arizona and doing business therein, as was Defendant *DirectTV* and the installer (interceptor) of the signal *Smart Circle International*. The parties have thus conspired to violate Plaintiff's rights and have authorized and ratified same.

# VENUE

4. Pursuant to *Title 47 U.S.C. Section 605*, venue is proper in the this District, because a substantial part of the events or omissions giving rise to the claim

occurred in this District and/or because, *inter alia,* Defendant resides within the State of *Arizona (28 U.S. C. § 1391 (b) and 28 U.S.C. §84(c)(2))*.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Phoenix Division of the Southern District of California is proper because a substantial part of the events or omissions giving rise to the claim occurred in Phoenix and/or, the United States District Court for the District of Arizona and the case should be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, LISA VONDRAN, is an Arizona resident and homeowner residing where the intentional privacy breach and cable/satellite interception occurred.

7. Defendant COSTCO is company headquarted in the State of Washington but doing a substantial amount of systematic and continuous business in the State of California that promoted and allowed Defendant, DirectTV, to offer cable and satellite "specials" within its company within the State of Arizona. Customers trust and rely on companies that are featured inside the COSTCO stores and by allowing DirectTV to offer its TV special on dates unknown, but on information and belief, within the last 6 months, they impliedly endorse the acts of Defendant.

8. Defendant DIRECTTV is a California corporation doing systematic and continuous business in the state of Arizona. DirectTV offered "special" two-year deal for $52.00 per month, on information and belief, and Defendant COSTCO is and was

aware of this promotion and endorsed and ratified it. DirectTV, on information and belief, scheduled the installation of the (intercepting cable) which resulted in a violation of Plaintiff's privacy.

9. Defendant SMART CIRCLE INTERNATIONAL is a California limited liability corporation doing systematic and continuous business in the state of Arizona. They are alleged to be the final cog in the conspiracy (the installer / interceptor of a Cable/Satellite signal) in being the contractor for the DirectTV offered "special" two-year deal for $52.00 per month, which on information and belief, Defendant COSTCO is and was aware of this promotion and endorsed and ratified it. DirectTV, on information and belief, scheduled the installation of the (intercepting cable) which resulted in a violation of Plaintiff's privacy and endorsed and ratified the acts of its agent.

10. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
©2018 All Rights Reserved

named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

11.     *Relationship of Defendants* -  Plaintiff alleges all defendants compelled, coerced, aided, abetted assisted, ratified, approved and consented to the acts and omissions of the other in conspiring to permit the serious invasion of privacy alleged in this Complaint.

## ALLEGATIONS

12.     Plaintiff is informed and believes, and alleges thereon that on or around January 1, 2018, Plaintiff's neighbor (per testimony from neighbor) went to Costco in Arizona and was introduced to a DirectTV "special" whereby Cable/Satellite could be hooked up at a *special rate* of $52.00 per month for two years (for "basic" services).

13.     Plaintiff is a DirectTV subscriber who pays over $200 per month for enhanced programming (ex. more features).

14.     Defendant COSTCO is aware of the promotion conducted within its store, and thereby consents to it, approves, adopts and ratifies it.

15.     Neighbor contracted with DirectTV and agrees to the service.

16.     DirectTV hires SMART CIRCLE for the installation of services.

17.     Thereafter, Defendants installer went to neighbor's house, in the city of Phoenix, and intercepted and redirected Plaintiff's TV signal, and allowed Neighbor to

5

access all shows (including viewing paid rental videos) and thereby seriously and intentionally invade Plaintiff's privacy.

18. Neighbor claims that he was informed a "dish" was installed somewhere on his property, but no such dish is detectible from viewing the outside of neighbor's premises, and neighbor stated that no dish was installed inside his house.

19. Neighbor also admits to viewing recorded shows from Plaintiff (which included paid for and rented videos).

20. Pictures of the illegal TV signal piracy are attached as **Exhibit "A"** and incorporated herein by reference.

21. These acts were BLATANTLY INTENTIONAL, and the cable interception was attempted to be hidden by Defendants with a pile of rocks.

22. These acts have caused serious emotional and other harm in an amount to be proven at trial and requires PUNITIVE DAMAGES against all Defendants to deter this type of conduct in the future, in an amount no less than one million dollars.

## COUNT I
**(Violation of Title 47 U.S.C. Section 605 against all Defendants)**

23. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-22, inclusive, as though set forth herein at length.

24. Plaintiff alleges Defendants, and each of them, have conspired to violate Plaintiff's rights with the cable promotion scheme which was designed to intercept TV

signals, and movie rentals, and divert those to a neighbor (to avoid the costs of installing a new dish). This was the only was a $52.00 per month "special" worked.

25. With full knowledge that Plaintiff's cable/satellite and movie rentals program*s* were not to be intercepted, redirected, published, divulged, displayed, and/or exposed to any other person or entity without specific written authorization (which did not exist), the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendant, did unlawfully intercept, receive, publish, divulge, redirect, expose, display, and/or exhibit the *programs* to Plaintiff's neighbor, who was also shocked and amazed and who admits he did view the rented and unrented movie selections violating Plaintiff's privacy.

26. Said unauthorized exposure, interception, reception, redirection, publication, exhibition, divulgence, display, was done willfully and intentionally for purposes of direct and/or indirect commercial advantage and/or private financial gain by the Defendants. Namely, to save costs to hook up a real dish for neighbor.

27. As the result of this violation of federal law, and pursuant to said Section 605, Plaintiff hereby seeks and is entitled to the following from Defendants:

(a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

(b) Statutory damages for each **willful violation** in an amount to **$100,000.00** pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

(c) The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

# COUNT II

**(Violation of Title 47 U.S.C. Section 553 against all Defendants)**

28. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-27, inclusive, as though set forth herein at length.

29. The unauthorized interceptions, reception, redirection, publication, exposure, and divulgence of the TV signal and the display, disclosure, and/or exhibition of the rental videos and other programs by the above-named Defendant was prohibited by *Title 47 U.S.C. Section 553*, *et seq.* and Plaintiff is entitled to the following damages and statutory penalties from Defendant(s):

(a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title *47 U.S.C. § 553(c)(3)(A)(ii)*;

(b) Statutory damages for each **willful violation** in an amount to **$50,000.00** pursuant to Title *47 U.S.C. § 553(c)(3)(B)*;

(c) The recovery of full costs pursuant to Title *47 U.S.C. Section 553 (c)(2)(C)*; and

(d) Reasonable attorneys' fees pursuant to Title *47 U.S.C. Section 553 (c)(2)(C)*.

# COUNT III

**(Violation of Federal Video Privacy Protection Act against all Defendants – 18 U.S.C. 2710 et Seq.)**

30. Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1-29, inclusive, as though set forth herein at length.

31. Defendants have worked in concert to expose and divulge Plaintiff's personal viewing habits and video rentals to Plaintiff's neighbor through the intentional act of re-directing and intercepting Plaintiff's cable/satellite signal.

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
©2018 All Rights Reserved

32. This interception, reception, publication, divulgence, display, and/or exhibition of Plaintiff's TV signal and recorded shows and programs was willful, malicious, egregious, and intentionally designed to harm Plaintiff and was done for the commercial gain of Defendants in store profits, subscription fees, installation fees and other costs not expended due to the intentional piracy of a TV signal.

33. Accordingly, pursuant to federal statute, the court may award—

(a) Actual damages but not less than liquidated damages in an amount of $2,500;

(b) Punitive damages;

(c) Reasonable attorneys' fees and other litigation costs reasonably incurred; and

(d) Such other preliminary and equitable relief as the court determines to be appropriate.

**WHEREFORE, Plaintiff prays for judgment as set forth below against each Defendant.**

FIRST CAUSE OF ACTION:
1. For statutory damages in the amount of $110,000.00 against Defendants;
2. For reasonable attorneys' fees;
3. For all costs of suit;
4. For such other and further relief as the Court may deem just and proper.

SECOND CAUSE OF ACTION:
1. For statutory damages in the amount of $60,000.00 against the Defendant;
2. For reasonable attorneys' fees;
3. For all costs of suit;

9

4. For such other and further relief as the Court may deem just and proper.

THIRD CAUSE OF ACTION:

1. For actual damages in an amount no less than $2,500;

2. For punitive damages against all Defendants;

3. For reasonable attorneys' fees;

5. For all costs of suit; and

6. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted.

DATED: May 19, 2018          THE LAW OFFICES OF STEVEN C. VONDRAN


By:     /Steven C. Vondran/
Steven C. Vondran, Attorney for Plaintiff
THE LAW OFFICES OF STEVEN C. VONDRAN, PC
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: (877) 276-5084
Facsimile: (888) 551-2252
E-mail: steve@vondranlegal.com

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
©2018 All Rights Reserved